ZACHARY CARTER
Corporation Counsel, City of New York
Attorney for City of New York
Of Counsel: Hugh H. Shull III (HS-0236)
100 Church Street, Room 5-233
New York, New York 10007
(212) 356-2138
hughs@law.nyc.gov

Hearing Date and Time:
February 11, 2019 @ 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------X
In re:

ALEXANDER FIGLIOLIA,

               Debtor.
----------------------------------------------------------X

Chapter 11
Case No. 17-20755

**OBJECTION OF CITY OF NEW YORK TO PLAN OF REORGANIZATION**

       The City of New York (the "City"), by its attorney ZACHARY CARTER, Corporation Counsel of the City of New York, as and for its objection to the Debtor's Second Modified Plan of Liquidation dated December 7, 2018 (the "Plan"), respectfully states:

       1.    The City on September 25, 2017 filed a proof of claim dated September 21, 2017 for $375,000.00 (the "Claim") based on a Judgment (the "Judgment") against the Debtor dated March 19, 2015 for such amount in the Supreme Court of the State of New York, County of New York in an action captioned <u>City of New York v. Alex Figliolia and Janet Figliolia</u> Index No. 450829/15. The Judgment was based on violations relating to construction projects in the City of New York.

       2.    The Claim was filed as a secured claim. The filing of the Judgment creates a judicial lien in all counties where the Judgement is filed.

3.  The Plan places the claim as a secured claim in Class 4. It proposes to impair the claim, stating it will seek to reclassify the claim as general unsecured. At present, with reservation of rights, the City is not aware of any Property in the City to which the Judgment lien has attached, so it may not oppose any such reclassification. The Plan proposes no payment, at least as far as treatment of claims in Class 4, of which the Claim is the only member.

4.  The Plan or confirmation order should clarify that there shall be a reserve for the Claim (this is generally provided for in the Plan but should be explicit with respect to this Claim since at present it is an allowed claim prior to any objection) and that to the extent the Claim is reclassified as general unsecured the Claim shall be paid its pro rata share based on the treatment provided class 5 creditors. If the claim for $375,000 is added to that class, such a distribution would be approximately $2,134.77 based on the present size of the class, subject to §any objections to any of the other claims in the class and potential disallowance, and the proposed $50,000 distribution amount for the class. Such distribution is proposed to be made on the effective date.

5.  The Plan should also specify that the balance of Claim, less any distribution, is not discharged under the Plan. Plan at page 20, under Article IV "Effects of Confirmation", Part A, "Discharge" states that upon confirmation "Debtor shall be discharged of liability for payment of debts incurred before confirmation, to the extent specified in 11 USC § 1141." It goes on to state that any liability imposed by the Plan will not be discharged.

6.  Any balance of the Claim not paid by Plan distributions should not be discharged. Under §1141(d)(2) "A discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title."

7. The Claim is for violations in relation to sewer and construction projects in the City, which are fines and penalties payable to and for a governmental unit, and not for actual pecuniary loss, within the meaning of §523(a)(7) of te Bankruptcy Code, and thus any unpaid amount isn't discharged under §1141. The Plan should specify that the balance of the Claim not paid under the Plan is not discharged, and the City can enforce the balance of the Claim post-confirmation in accordance with law, and that any assets of the Debtor not treated under this Plan, and any assets acquired post-confirmation, remain subject to the balance of the Claim, to the extent otherwise subject thereto in accordance with law.

Dated:    New York, New York
          February 1, 2019

                                    ZACHARY CARTER
                                    100 Church Street, Room 5-233
                                    New York, New York 10007
                                    By:    _____
                                           Hugh H. Shull III (HS-0236)
                                           Assistant Corporation Counsel
                                           Not Admitted in New Jersey



| | | |
|---|---|---|
| ZACHARY CARTER<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Hugh H. Shull III<br>phone: (212) 356-2138<br>fax: (212) 356-4069<br>email: hughs@law.nyc.gov |

February 1, 2019

Hon. Michael B. Kaplan
U.S. Bankruptcy Court
402 East State Street
Trenton, NJ 08608

    Re: In re Alexander Figliolia,
       U.S. Bankruptcy Court DNJ Ch 11 No. 17-20755-MBK

Hon. Judge Kaplan:

  Enclosed please find a chambers' copy of the City's Objection to Plan in the above referenced case. I am not admitted in New Jersey (but in good standing in the Southern and Eastern Districts of New York) and to the extent required will seek admission pro hac vice.

  If there are any questions or concerns please do not hesitate to contact the undersigned.

                Respectfully,

                Hugh Shull, Esq.



**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY CARTER
*Corporation Counsel*

Hugh H. Shull III
phone: (212) 356-2138
fax: (212) 356-4069
email: hughs@law.nyc.gov

February 1, 2019

Clerk of the Court
U.S. Bankruptcy Court
402 East State Street
Trenton, NJ 08608

Re:   In re Alexander Figliolia,
      U.S. Bankruptcy Court DNJ Ch 11 No. 17-20755-MBK

Dear Sir/Madam:

Enclosed please find n original copy of the City's Objection to Plan in the above referenced case. I am not admitted in New Jersey (but in good standing in the Southern and Eastern Districts of New York), and do not have an ECF password in New Jersey, and kindly request that the original be uploaded on the ECF system.

If there are any questions or concerns please do not hesitate to contact the undersigned.

Respectfully,

Hugh Shull, Esq.