**McMANIMON, SCOTLAND
& BAUMANN, LLC**
427 Riverview Plaza
Trenton, NJ 08611
(609) 695-6070
Andrea Dobin (adobin@msbnj.com)
Michele M. Dudas (mdudas@msbnj.com)
*Counsel to Andrea Dobin, Chapter 7 Trustee, Plaintiff*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>ALEXANDER J. FIGLIOLIA,<br><br>    Debtor. | Chapter 7<br><br>Case No. 17-20755 (KCF) |
| ANDREA DOBIN, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>JANET FIGLIOLIA,<br><br>    Defendant. | Adv. Pro. No. 20-____ (KCF) |

**COMPLAINT TO (I) DETERMINE THE EXTENT AND VALIDITY PRIORITY OF INTERESTS IN PROPERTY OF THE BANKRUPTCY ESTATE; (II) COMPEL TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE PURSUANT TO 11 U.S.C. § 542; AND (III) AUTHORITY TO SELL ASSETS PURSUANT TO 11 U.S.C. § 363(h)**

Andrea Dobin, Chapter 7 Trustee in the bankruptcy proceeding of Alexander J. Figliolia, Chapter 7 debtor ("Debtor"), by way of complaint against Janet Figliolia, respectfully alleges as follows:

## PARTIES

1. On May 25, 2017 ("Filing Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. On November 8, 2019, the Debtor's Chapter 7 case was converted to Chapter 7.

3. On November 15, 2019, Andrea Dobin (the "Trustee") was appointed to serve as the Chapter 7 Trustee in the Debtor's bankruptcy proceeding and qualified and accepted said appointment.

4. Janet Figliolia ("Defendant") is an individual who resides at 105 Middletown Road, Holmdel, New Jersey 07733. Defendant is the non-debtor spouse of the Debtor.

## JURISDICTION AND VENUE

5. This is a core proceeding brought pursuant to Fed. R. Bankr. P. 7001, 11 U.S.C. §§ 105, 541, 542, 363(h) and 28 U.S.C. § 157(b)(2)(A), (B), (E), and/or (O).

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1).

7. Venue in this matter is properly before this Court by virtue of 28 U.S.C. § 1409(a), as this is a proceeding arising under Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

8. The Debtor and Defendant jointly own the real property located at 105 Middletown Road, Holmdel, New Jersey ("Property") and utilize the Property as their primary residence.

9. On Schedule A to his petition, the Debtor lists a value of the Property at $4,900,000.

10. The Property is situated on approximately 4.4 acres and annual real estate taxes total approximately $70,000.

11. The Property is in excess of 19,000 square feet, has five (5) bedrooms and twelve (12) bathrooms.

12. The only personal assets listed on Schedule B by the Debtor are used golf clubs, clothing, cash and watch, with a total value of $10,900.

13. Despite the lack of equity in the Property, this lavish home is furnished with high end appliances and contents, including, but not limited to, furniture, furnishings, including grandfather clock(s), artwork, figurines, pool table, juke box, chandeliers, outdoor sculptures and statues (collectively, the "Assets").

14. The Trustee submits that the contents of the Property have a value in excess of tens of thousands – if not hundreds of thousands – of dollars.

15. Both the Debtor and Defendant have asserted that only Defendant has an ownership interest in the Assets.

16. The Debtor has not come forward with any proof that the Assets belong solely to the Defendant.

17. The Trustee seeks a determination that the one-half (1/2) interest in all contents of the Property, other than women's clothing and woman's jewelry, is property of the Estate.

## COUNT I
### (Extent, Validity and Priority of Claim, or Interest in Assets)

18. The Trustee repeats and realleges the allegations set forth above as if set forth at length herein.

19. The Debtor and Defendant asserts that the Asset are owned solely by Defendant.

3

20. To the extent the Defendant cannot demonstrate a sole ownership interest in any or all of the Assets, the Estate is entitled to judgment determining that as of the Filing Date, they were jointly owned by the Debtor.

**WHEREFORE**, the Trustee demands judgment against Defendant as follows:

a. Declaring that the Estate has a fifty (50%) percent interest in the Assets.

b. Awarding damages, together with interests and costs of suit; and

c. Granting such other relief as the Court deems just, appropriate, and equitable.

## COUNT II
### (Turnover Pursuant to 11 U.S.C. § 542)

21. The Trustee repeats and realleges the allegations set forth above as if set forth at length herein.

22. Upon information and belief, Defendant is in the possession and control of Assets jointly owned by the Debtor.

23. Such Assets are property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541.

24. The Trustee is entitled sell the Assets for the benefit of creditors of her Estate.

25. To the extent the Trustee determines, pursuant to her business judgment, that the Assets can be sold, such sale will realize funds for the benefit of the Estate and its creditors.

26. The Trustee is entitled to turnover of the Assets pursuant to 11 U.S.C. § 542.

**WHEREFORE**, the Trustee demands judgment against Defendant as follows:

a. Directing Defendant to provide a detailed inventory to the Trustee of the Assets;

b. Directing Defendant to turn over the Assets to the Trustee so they may be liquidated;

  c.  Awarding damages, together with interests and costs of suit;

  d.  Granting such other relief as the Court deems just, appropriate, and equitable.

## COUNT III
### (Authority to Sell Co-Owner's Interest in Assets Pursuant to 11 U.S.C. § 363(h))

  27. The Trustee repeats and realleges the allegations set forth above as if set forth at length herein.

  28. The Trustee asserts that the Debtor and the Defendant are joint owners of the Assets.

  29. The Trustee has sought declaratory judgment that the estate has a fifty (50%) percent interest in the Assets.

  30. The Trustee seeks to sell the Defendant's interest in the Assets for the benefit of the Estate and its creditors.

  31. There has been no inventory or appraisal of the Assets.  As a result, the Assets cannot be divided equally because their value is uncertain.

  32. Additionally, the Assets are possessions, including appliances, furniture, artwork and other fine furnishings, sculptures and statues which would make partition impracticable or impossible.

  33. Therefore, because the Assets cannot be divided equally and partition of the actual Assets is impracticable or impossible, the Assets are of the type which would make the sale of the Estate's undivided interest in the Assets yield significantly less for the Estate than the sale of the Assets free of the interest of the Defendant.

  34. Upon information and belief, the benefit to the Estate of the sale of the Assets free of the interest of the Defendant outweighs the detriment, if any, to the Defendant from the loss of the Assets.

4819-0797-7404, v. 1

35. Upon information and belief, the Assets are not used in the production, transmission or distribution for sale of electric energy or of natural or synthetic gas for heat, light, or power.

**WHEREFORE**, the Trustee demands judgment against the Defendant as follows:

a. Authorizing the Trustee to sell the Defendant's interest in the Assets, together with the Estate's interest therein;

b. Awarding attorneys' fees and costs; and

c. Granting such other and further relief as is just and appropriate.

**McMANIMON, SCOTLAND & BAUMANN, LLC**
*Counsel to Plaintiff Andrea Dobin, Chapter 7 Trustee*

Dated: May 19, 2020

By: */s/ Michele M. Dudas*
MICHELE M. DUDAS